UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 5:08-CV-00146-WTH-GRJ

ROBERT RHODES,

    Plaintiff,

vs.

FRED OSWALD, an individual, and
OZTEC INDUSTRIES, INC., a New York
corporation,

    Defendants.

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, Oztec Industries ("Oztec") and Fred Oswald, by and through their undersigned counsel, hereby file their answer and affirmative defenses to Plaintiff's Complaint (the "Complaint") and state:

1. Defendants admit that the Complaint purports to state a claim for damages in excess of $75,000.00, but deny the remaining allegations of paragraph 1 of the Complaint and that Plaintiff is entitled to any relief.

2. Defendants are without knowledge of the allegations of paragraph 2 of the Complaint, and therefore deny same.

3. Defendants admit the allegations of paragraph 3 of the Complaint.

4. Defendants admit the allegations of paragraph 4 of the Complaint.

5. With respect to the allegations of paragraph 5 of the Complaint, Defendants admit that Plaintiff, in paragraph 5, claims that this Court has original jurisdiction in this matter in that the controversy exceeds the sum or value of $75,000.00. Defendants, however, deny that Plaintiff is entitled to any relief in this matter and otherwise deny the allegations of paragraph 5 of the Complaint.

6. Defendants deny the allegations of paragraph 6 of the Complaint.

7. Defendants deny the allegations of paragraph 7 of the Complaint.

8. Defendants deny the allegations of paragraph 8 of the Complaint.

9. Defendants deny the allegations of paragraph 9 of the Complaint.

10. Defendants assert that the allegations contained in the first sentence of paragraph 10 of the Complaint are legal conclusions to which no response is required. If a response is required, Defendants admit that during times material to the allegations of the Complaint, Defendant Fred Oswald was the President and authorized agent of Defendant Oztec and any acts taken by him were within the scope of said agency and otherwise deny the allegations of such first sentence of paragraph 10. With respect to the second sentence of paragraph 10, Defendants admit that Defendant Oztec, during times material to the complaint, developed, produced, marketed, and attempted to sell a "rebar shaker" product and otherwise deny the allegations of such second sentence of paragraph 10.

11. Defendants deny the allegations of paragraph 11 of the Complaint.

12. Defendants deny the allegations of paragraph 12 of the Complaint.

13. Defendants deny the allegations of paragraph 13 of the Complaint, except that Defendants admit that United States Patent No. 6,960,011 was issued.

14. With respect to the allegations of paragraph 14 of the Complaint, Defendants admit that the letter attached to the Complaint as Exhibit A speaks for itself and otherwise deny the allegations of paragraph 14 of the Complaint.

15. With respect to the allegations of paragraph 15 of the Complaint, Defendants admit that Defendant Oztec, during times material to the complaint, developed, produced,

SEIDMAN, PREWITT, DIBELLO & LOPEZ, P.A. • 1550 Madruga Avenue • Suite 504 • Coral Gables, FL 33146

marketed, and attempted to sell a "rebar shaker" product and deny the remaining allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16 of the Complaint.

17. With respect to the allegations of paragraph 17 of the Complaint, Defendants admit that the letter attached to the Complaint as Exhibit B speaks for itself and otherwise deny the allegations of paragraph 17.

18. With respect to the allegations of paragraph 18 of the Complaint, Defendants admit that the letter attached to the Complaint as Exhibit C speaks for itself and otherwise deny the allegations of paragraph 18.

19. With respect to the allegations of paragraph 19 of the Complaint, Defendants admit that the letter attached to the Complaint as Exhibit D speaks for itself and otherwise deny the allegations of paragraph 19.

20. With respect to the allegations of paragraph 20 of the Complaint, Defendants admit that the letter attached to the Complaint as Exhibit E speaks for itself and otherwise deny the allegations of paragraph 20.

21. Defendants deny the allegations of paragraph 21 of the Complaint.

22. Defendants deny the allegations of paragraph 22 of the Complaint.

## COUNT I - BREACH OF ORAL AGREEMENT AGAINST OSWALD AND OZTEC

23. Defendants restate and reincorporate their responses to paragraphs 1 through 21 in responding to paragraph 23 of the Complaint.

24. With respect to paragraph 24 of the Compliant, Defendants admit that Count I purports to state an action for breach of an oral agreement. Defendants, however, deny that

Plaintiff is entitled to any relief and otherwise deny the allegations of paragraph 24 of the Complaint.

25. Defendants deny the allegations of paragraph 25 of the Complaint.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendants deny the allegations of paragraph 27 of the Complaint.

28. Defendants deny the allegations of paragraph 28 of the Complaint.

29. Defendants deny the allegations of paragraph 29 of the Complaint.

## COUNT II - FRAUD IN THE INDUCEMENT AGAINST OSWALD AND OZTEC

30. Defendants restate and reincorporate their responses to paragraphs 1 through 21 in responding to paragraph 30 of the Complaint.

31. With respect to paragraph 31 of the Compliant, Defendants admit that Count II purports to state an action for fraud in the inducement. Defendants, however, deny that Plaintiff is entitled to any relief and otherwise deny the allegations of paragraph 31 of the Complaint.

32. Defendants deny the allegations of paragraph 32 of the Complaint.

33. Defendants deny the allegations of paragraph 33 of the Complaint.

34. Defendants deny the allegations of paragraph 34 of the Complaint.

35. Defendants deny the allegations of paragraph 35 of the Complaint.

## COUNT III - DECEPTIVE AND UNFAIR TRADE PRACTICES AGAINST OSWALD AND OZTEC

36. Defendants restate and reincorporate their responses to paragraphs 1 through 21 in responding to paragraph 36 of the Complaint.

37. With respect to paragraph 37 of the Compliant, Defendants admit that Count III purports to state an action for damages under the Florida Deceptive and Unfair Trade Practices

Act. Defendants, however, deny that Plaintiff is entitled to any relief and otherwise deny the allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

40. Defendants deny the allegations of paragraph 40 of the Complaint.

41. Defendants are without knowledge of the allegations of paragraph 41 of the Complaint, and therefore deny same.

42. Defendants deny the allegations of paragraph 42 of the Complaint.

## COUNT IV - UNJUST ENRICHMENT

43. Defendants restate and reincorporate their responses to paragraphs 1 through 21 in responding to paragraph 43 of the Complaint.

44. With respect to paragraph 44 of the Compliant, Defendants admit that Count IV purports to state an action for unjust enrichment. Defendants, however, deny that Plaintiff is entitled to any relief and otherwise deny the allegations of paragraph 44 of the Complaint.

45. Defendants deny the allegations of paragraph 45 of the Complaint.

46. Defendants deny the allegations of paragraph 46 of the Complaint.

47. Defendants deny the allegations of paragraph 47 of the Complaint.

## COUNT V - ACCOUNTING

48. Defendants restate and reincorporate their responses to paragraphs 1 through 21 in responding to paragraph 48 of the Complaint.

49. With respect to paragraph 49 of the Compliant, Defendants admit that Count V purports to state an action for an accounting. Defendants, however, deny that Plaintiff is entitled to any relief and otherwise deny the allegations of paragraph 49 of the Complaint.

50. Defendants deny the allegations of paragraph 50 of the Complaint.

SEIDMAN, PREWITT, DIBELLO & LOPEZ, P.A. • 1550 Madruga Avenue • Suite 504 • Coral Gables, FL 33146

51. Defendants deny the allegations of paragraph 51 of the Complaint.

52. Defendants deny the allegations of paragraph 52 of the Complaint.

53. Defendants deny the allegations of paragraph 53 of the Complaint.

54. With respect to the allegations of paragraph 54 of the Complaint, Defendants admit that Plaintiff purports to demand a trial by jury in this action, and further states that they reserve the right to oppose a trail by jury on any issues beyond those for which a trial by jury is permitted under applicable law.

## GENERAL DENIAL

All allegations, contentions, claims or prayers for relief not specifically admitted to are hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by the statute of limitations, Section 95.11, Florida Statutes.

### Third Affirmative Defense

Plaintiff's claims are barred by the statute of frauds, Section 725.01, Florida Statutes.

### Fourth Affirmative Defense

There was no contract (oral or written) between Plaintiff and either Defendant Fred Oswald or Defendant Oztec. Thus, Plaintiff's claim for breach of contract is barred.

### Fifth Affirmative Defense

The negotiations between the parties were never finalized. One of the terms discussed during such negotiations was the percentage of sales that Plaintiff would receive. Such

SEIDMAN, PREWITT, DIBELLO & LOPEZ, P.A. • 1550 Madruga Avenue • Suite 504 • Coral Gables, FL 33146

percentage, as discussed, was 10% "net net" of each sale. Because such discussions were never finalized, Plaintiff was not entitled to receive any monies and thus, his claims are barred.

### Sixth Affirmative Defense

Any representations made by Defendant Fred Oswald and/or Defendant Oztec about monies that Plaintiff could potentially receive were conditioned on a written contract being agreed upon by the parties. Because such condition precedent did not occur, Plaintiff was not entitled to receive any monies and thus, his claims are barred.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel.

### Eighth Affirmative Defense

Plaintiff is not entitled to an accounting. Plaintiff did not enter into any fiduciary or other complex relationship with either Defendant Fred Oswald or Defendant Oztec that would entitle Plaintiff to an accounting.

### Ninth Affirmative Defense

In light of Plaintiff's claims as alleged, including Plaintiff's allegations of an agreement between the parties, Plaintiff is not entitled to any equitable relief and thus, Plaintiff's claims for equitable relief, namely, Plaintiff's claims for unjust enrichment and for an accounting, are barred.

### Tenth Affirmative Defense

Plaintiff's claim for deceptive and unfair trade practices is, pursuant to Section 501.211(3), Florida Statutes, is frivolous, without legal or factual merit, and/or brought for purposes of harassment. Thus, Plaintiff's claim for deceptive and unfair trade practices is barred,

SEIDMAN, PREWITT, DIBELLO & LOPEZ, P.A.  •  1550 Madruga Avenue • Suite 504 • Coral Gables, FL 33146

and Defendants reserve their rights under Section 501.11(3), Florida Statues, to move to require Plaintiff to post a bond.

### Eleventh Affirmative Defense

Plaintiff's claims, as alleged, are barred by the doctrine of agent/disclosed principal.

### Twelfth Affirmative Defense

The inclusion of Defendant Fred Oswald's name in the patent application for United States Patent No. 6,960,011 was proper and permitted by federal patent law. Thus, Plaintiff's claim for deceptive and unfair trade practices is barred.

### Thirteenth Affirmative Defense

All acts of Defendant Fred Oswald and/or Defendant Oztec in connection with the development, marketing, and attempted sale of the patented "rebar shaker" was permitted by federal patent law. Thus, Plaintiff's claim for deceptive and unfair trade practices is barred.

Defendants expressly reserve the right to amend and/or add additional defenses and affirmative defenses as discovery and investigation continues.

### DEMAND FOR ATTORNEY'S FEES

Defendants have been required to retain the services of undersigned counsel to defend this action and have agreed and obligated themselves to pay said counsel a reasonable fee for the services rendered herein on their behalf. Defendants pray that this Court award them such

SEIDMAN, PREWITT, DIBELLO & LOPEZ, P.A.  •  1550 Madruga Avenue  •  Suite 504  •  Coral Gables, FL 33146

reasonable attorneys' fees and costs for the defense of this action, pursuant to Section 501.2105, Florida Statutes, and any other legally available basis.

> By: s/ Carlos B. Castillo
> Carlos B. Castillo
> Florida Bar No. 907741
> Seidman, Prewitt, DiBello & Lopez, P.A.
> Attorneys for Defendants
> 1550 Madruga Avenue, Suite 504
> Coral Gables, Florida 33146
> Telephone: (305) 668-8870
> Facsimile: (305) 668-8892
> E-Mail: ccastillo@spdlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2008, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system.

> By: s/ Carlos B. Castillo
> Carlos B. Castillo

CASE NO. 5:08-CV-00146-WTH-GRJ

## SERVICE LIST

**Robert Rhodes vs. Fred Oswald and Oztec Industries, Inc.**
Case No. 5:08-CV-00146-WTH-GRJ
**United States District Court, Middle District of Florida**

**William G. Osborne, Esq.**
**Florida Bar No. 273783**
**E-Mail: wgo_pa@hotmail.com**
**538 E. Washington Street**
**Orlando, FL 32801**
**Telephone: (407) 422-5385**
**Facsimile:  (407) 422-5381**
**Attorney For Plaintiff**